FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2021 NOV 29   PM 1:30

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

----------------------------------------------------------------------

MISBAH ELDEREINY, AND
TAREK SALEH

               plaintiff (s)

                 v.

TD AMERITRADE INC,
WOLTERS KLUWER FINANCIAL
SERVICES, INC. AND GAINSKEEPER.

               defendant(s)

COMPLAINT

Case No. 21-

8:21cv451

## COMPLAINT TO ORDER THE DEFENDANTS TO RETURN 6000 AMZN SHARES AND COMPENSATION

The plaintiffs, Misbah Eldereiny and Tarek Saleh, both of them as Pro Se, complain of the defendants, TD AMERITRADE, INC. and WOLTERS KLUWER FINANCIAL SERVICES, INC. AND GAINSKEEPER as follows:

## I. INTRODUCTION

1- This complaint seeks an issue of order to return the plaintiff Eldereiny's 6000 AMZN shares which the plaintiff Eldereiny purchased them in 2011 that TD Ameritrade seized in April 2017 and removed from plaintiff's account through coordination with WOLTERS KLUWER FINANCIAL SERVICES, INC. AND GAINSKEEPER by Breach of contract; abuse of fiduciary duty; constructive fraud; exploitation; fraudulent misrepresentations; negligence and omissions; and violation of Federal Elder Justice Act (EJA), Sec. 303 of Senior Safe Act, The Older Americans Act. The plaintiffs seek $100M compensation for the stated violations, in addition to returning the 6000 AMZN shares to the plaintiffs' account, which in the name of plaintiff Misbah Eldereiny and plaintiff Tarek Saleh has full authority on the TD Ameritrade's account.

3

## II. JURISDICTION AND VENUE

2- Plaintiffs, Misbah Eldereiny "Eldereiny" and Tarek Saleh "Saleh" allege that TD Ameritrade Inc. "TD" and Wolters Kluwer Financial Services and Gainskeeper violate Federal Elder Justice Act (EJA), Sec. 303 of Senior Safe Act. United States District Court for District of Nebraska has subject matter jurisdiction after FINRA arbitration in CA issued a decision dismissing the compalint Pursuant to Rule 12206 (a) of the FINRA Code of Arbitration Procedure for Customer Dispute and the case is eligible to be heard in the Court pursuant to Rule 12206 (b) of the FINRA Code. The Venue is  Federal Court District of Nebraska as the Headquarter of TD Ameritrade Inc. is in Omaha, Nebraska, and the first plaintiff Eldereiny resides in CA and the second plaintiff Saleh resides in NY and the disputed amount above $75000 pursuant to 28 U.S.C. § 1332

## PARTIES

3- Plaintiff, Misbah Eldereiny, Pro Se, called here "Eldereiny", is a senior American citizen, 79 years old. He has been a customer of TD Ameritrade Inc. since 1998, account Number # *****8629  resides at 11641 Tree Hollow LN,   SAN DIEGO, CA 92128, phone # 626-340-3375.

4- Plaintiff, Tarek Saleh, Pro Se, called here "Saleh", who has a full authority  on the Account of Mr. Eldereiny # *****8629, resides at 46 Richard Lane, Staten Island, NY 10314.

5- TD Ameritrade Inc., called here "TD", is a broker that offers an electronic trading platform for the trade of financial assets including common stocks, preferred stocks, futures contracts, exchange-traded funds, options, cryptocurrency, mutual funds, fixed income investments, margin lending, and cash management services., HQ Office Address is 200 South 108th Avenue, Omaha, NE 68154

6- Wolters Kluwer Financial Services, Inc.  provides a broad range of services and software solutions to help banks, credit unions, brokerage funds, mutual funds, hedge funds, leasing and insurance companies meet their complex and

4

ever-changing compliance and regulatory obligations.  Using Gainskeeper as the registered trademark, Address is 6815 Saukview Dr. St Cloud, MN 56302

7- Gainskeeper is a product offered by Wolters Kluwer Financial Services ("WKFS") and  the registered trademark of Wolters Kluwer Financial Services, Inc. . It is preparing the 1099 and the cost basis and position transaction history through the data and statements which it received from TD Ameritrade, Addresses is 6815 Saukview Dr. St Cloud, MN 56302 and 79 ParkingWay, Quincy, MA 02169 and 130 Turner Street, Waltham, MA 02453.

## III. FACTS

8- Eldereiny retains Account # *****8629 since 1998.

9- Eldereiny has traded shares of many various companies since 1998. He never hired a broker.

10- On 11/04/09 Eldereiny bought 1000 AMZN and sold them on 11/05/09.

11- On 12/23/10 Eldereiny bought 100 AMZN and sold them on the same day.

12- During 2011, Eldereiny used to have in his account cash money of more than $663000.

13- On 1/14/11, Eldereiny bought 60 put (30+30) AMZN, Expired on 1/14/2011.

14- Eldereiny neglected to sell the 60 Put on 1/14/11 but TD exercised according to the regulation on 1/14/2011 and registered it on 1/18/2011 at  12:00:01 AM as it is the first business day.

15- On 1/18/11, Eldereiny bought a various 6000 AMZN shares in six (6) transaction, every translation has full details, with total price $1,135,418.02 ("100-1000-1900-1000-1000-1000" between 9:42 to 9:51).

16- On 2/1/11 Eldereiny bought 100 AMZN shares. He owned a total of 6100 AMZN shares.

17- On 2/1/11 Eldereiny sold 100 AMZN shares in which they were treated by FiFo. Thus Eldereiny lost in those 100 shares, the difference between the price he bought on 1/18/11 and the price he sold on 2/1/11. So He still owns 6000 AMZN shares.

18- On 2/4/11 Eldereiny bought 20 AMZN shares. He owned a total of 6020 AMZN shares.

19- On 2/4/11 Eldereiny sold 20 AMZN shares in which they were treated by FiFo. Thus he lost in those 20 shares, the difference between the price he bought on 1/18/11 and the price he sold on 2/4/11. So he still owns 6000 AMZN shares.

20- On 2/8/11 Eldereiny bought 100 AMZN shares. He owned a total of 6100 AMZN shares.

21- On 2/8/11 Eldereiny sold 100 AMZN shares in which they were treated by FiFo. Thus he lost in those 100 shares, the difference between the price he bought on 1/18/11 and the price he sold on 2/8/11. So he still owns 6000 AMZN shares.

22- On 2/17/11 Eldereiny bought 1000 AMZN shares. He owned a total of 7000 AMZN shares.

23- On 2/17/11 Eldereiny sold 1000 AMZN shares in which they were treated by FiFo. Thus he lost in those 1000 shares, the difference between the price he bought on 1/18/11 and the price he sold on 2/17/11. So he still owns 6000 AMZN shares.

24- On 2/13/12 Eldereiny received from TD Form 1099 -which it supposed to be prepared by GainsKeeper- shows that he bought 1220 AMZN shares on 1/18/11 as appeared on page # 4, while it shows at page # 11 At the end of the page, the profit of 6000 AMZN shares were not reported to the IRS for which short or long term determination is unknown (to Broker). In page # 13 shows all buys of AMZN shares (6000+1220) in 2011.

6

25- Eldereiny was disappointed about his loss of more than $663,000 although he still owns 6000 AMZN shares, so he stopped making any trade from 2012 through 2015.

26- Eldereiny returned back to the Market for Trade in 2016 through TD.

27- On 2/8/16 Eldereiny bought 400 AMZN shares (100+100+100+100). He owned a total of 6400 AMZN shares.

28- On 2/9/16 Eldereiny sold the 400 AMZN shares (100+100+200) in which they were treated by FIFO. Thus he gained in those 400 shares, the difference between the price he bought on 1/18/11 and the price he sold on 2/9/16. So he still owns 6000 AMZN shares.

29- On 2/22/16 Eldereiny bought 200 AMZN shares (100+100). He owned a total of 6200 AMZN shares.

30- On 2/23/16 Eldereiny sold 200 AMZN shares in which they were treated by FIFO. Thus he gained in those 200 shares, the difference between the price he bought on 1/18/11 and the price he sold on 2/23/16. So he still owns 6000 AMZN shares.

31- On 3/4/16 Eldereiny bought 100 AMZN shares (100). He owned a total of 6100 AMZN shares.

32- On 3/7/16 Eldereiny sold 100 AMZN shares in which they were treated by FIFO. Thus he gained in those 100 shares, the difference between the price he bought on 1/18/11 and the price he sold on 3/7/16. So He still owns 6000 AMZN shares.

33- On 3/31/16 Eldereiny bought various 500 AMZN shares (426+3+71). He owned a total of 6500 AMZN shares.

34- On 4/1/16 Eldereiny sold 500 AMZN shares (100+200+200) in which they were treated by FIFO. Thus he gained in those 500 shares, the difference between the price he bought on 1/18/11 and the price he sold on 4/1/16. So he still owns 6000 AMZN shares.

35- On 5/2/16 Eldereiny bought  various 2000 AMZN shares (1000+1000). He owned a total of 8000 AMZN shares.

36- On 5/2/16 Eldereiny sold various 2000 AMZN shares (1000+1000) in which they were treated by FiFo. Thus he gained in those 2000 shares, the difference between the price he bought on 1/18/11 and the price he sold on 5/2/16. So he still owns 6000 AMZN shares.

37- On 5/10/16 Eldereiny bought 100 AMZN shares. He owned a total of 6100 AMZN shares.

38- On 5/10/16 Eldereiny sold  100 AMZN shares  in which they were treated by FiFo. Thus he gained in those 100 shares, the difference between the price he bought on 1/18/11 and the price he sold on 5/10/16. So he still owns 6000 AMZN shares.

39- Eldereiny never traded any AMZN shares until the end of 2016.

40- On 1/17/17  Eldereiny received from TD the Form 1099 of 2016 which was prepared by GainsKeeper shows that he gained the total of $1,466,863.07 as it appears on page # 1 and page # 22 shows the details of the total gain in 3300 AMZN shares in the difference between the price he sold in 2016 and the price he bought in 2011 through rule FIFO. Total gain in selling 3300 AMZN shares is $1,443,716.19.

41- When Eldereiny received the 1099 Form of 2016 which showed his net gain was $1,466,863.07. So, he called TD to discuss, he never received this total amount of money in his account, how he will pay the tax for a profit that he did not receive yet. TD promised him, they will review the account and come back to him, which never happened.

42- Almost three months later, on April 11, 2017 Eldereiny received a new 1099 Form, they called it corrected 1099 Form which TD  removed the 6000 AMZN shares from the 1099 Form as he never owned or bought without further explanation how TD took his 6000 AMZN shares and removed it from his account.

43- On 8/29/2019 Eldereiny traded only once in 100 AMZN shares with a price of $1078 a share, he sold them on the same day but TD  did not apply FIFO with his own 6000 AMZN shares  which TD removed from his account through the Fraud. That caused Eldereiny to lose more than $159,000 if TD applied FIFO with his own 6000 AMZN shares which he bought on 1/18/2011 as remained with a price of $190 a share, 1480 AMZN shares.

44- In July 2020 Eldereiny contacted his close friend  plaintiff, Saleh and explained to him what happened to him with TD. So they started to study what happened with the issue of the 6000 AMZN shares.

45- On 7/17/20 Eldereiny submitted with TD full authorization Form to his friend plaintiff Saleh giving him a chance to work with TD to convince it to return the 6000 AMZN shares to Eldereiny's account.

46- Plaintiff, Saleh tried on the phone a few times with the officers and supervisors of the compliance department in TD but eventually, they said to him that Mr. Eldereiny never bought 6000 AMZN shares and it was a mistake which was corrected.

47- Plaintiffs Eldereiny and Saleh started to look at the record in the account on the TD Ameritrade website. They found the fabrication and the Fraud  which some of the company officers did to prevent him from his own 6000 AMZN shares:-

  A. In the Transaction on 1/18/11 at 12:00:01 they wrote : sold 6000 AMZN @ 190, Cost is $1,139,960.74 and registered transaction ID # 6735579781 without giving any details about this transaction as every transaction, to give an impression  as if Eldereiny had sold the 6000 Shares on that date and time on 1/18/11 at 12:00:01. But whoever committed the Fraud forgot that TD Ameritrade exercised on 1/14/11 on the 60 Amazon "Put" not the claimant

and was not sold as it appears clearly on the data of Cost Basis and on Position Transaction History of AMAZON COM INC.

B. TD Ameritrade removed from Position Transaction History of AMAZON COM INC. after April 2017 any transaction Eldereiny did on 1/18/11 but whoever committed the Fraud forgot that Eldereiny has his old Position Transaction History of AMAZON COM INC. which showed he bought 6000 AMZN shares on 1/18/11 and owned it until end of the 2016 as it appears also on general transaction of 2011.

48- Plaintiff Eldereiny filed a claim # 21-00370 on Feb. 10, 2021 at FINRA and Plaintiff Saleh represented him. The arbitration panel on July 26, 21 dismissed the case without prejudice pursuant to the Rule 12206(a).   So the plaintiffs filed this action pursuant to the Rule 12206(b)

## IV. THE ARGUMENT

49- Eldereiny repeats and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

50- It is clear from the above evidence, Eldereiny bought the 6000 AMZN shares on 1/18/11 between (9:42:18 and 9:51:46) and he never sold them at all. There is no way or evidence or proof, he sold the 6000 AMZN shares on 1/14/11 while he did not buy them yet as he bought them on 1/18/11 between (9:42:18 and 9:51:46).

51- TD applied FIFO when Eldereiny bought 1220 AMZN shares in 2011 which caused him loss of ($8,335.56) because the price he bought on 1/18/11 for the 6000 AMZN shares was higher than the price he bought and sold the 1220 AMZN shares in Feb. 2011. But after the fraud and fabrication, TD wrote, he sold 6000 AMZN shares on 1/14/11 which never happened and they applied FIFO with 1220 AMZN shares which he bought in Feb. 2011 with the 6000 shares which they were "Put" and the TD already exercised on 1/14/11. That "Put" was over on expiration date 1/14/11 and was registered on the first business day on 1/18/11 at 12:00:01

52- TD applied FIFO when Eldereiny bought and sold 3300 AMZN shares in 2016, the price for a share was above $483 which gained him a total profit ($1,443,716.19) because the price was little above $189 he bought on 1/18/11 for the 6000 AMZN shares where remained 4780 shares with a price $189 after he sold 1220 shares in 2011 which caused him a loss of ($8,335.56). That was recorded before the fraud to remove them from his account after TD changed 1099 Form.

# V. CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Breach Of The Contract

53- The Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

54- TD committed a breach of contact (Client agreement) pursuant to 5.c as TD never protected Eldereiny's 6000 AMZN shares according to TD Ameritrade asset protection guarantee.

55- TD breached the Implied Covenant of Good Faith and Fair Dealing. In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Plaintiffs were harmed from Defendant's breach of implied covenant of good faith and fair dealing.

56- Plaintiffs allege that the TD violated the duty to act fairly and in good faith when TD seized his own 6000 AMZN Shares, seized his profit ($1,443,716.19) in 2016 of sell 3300 AMZN shares, and never apply FIFO on the 100 AMZN shares which he bought in 2019 (loss more than $159,000), abusing Eldereiny being elderly, his ignorance in the regulations, and never having an attorney or broker. As TD refused to return the 6000 AMZN shares back although he contacted them a few times through the plaintiff Saleh who is fully authorized from Eldereiny on the account and to contact TD.

57- TD breached its promise in bad faith to pay Eldereiny whatevers promised for any loss of cash or securities from his account due to unauthorized activities from some of TD employees who took the 6000 shares and removed them from Eldereiny's account.

58- The plaintiffs were harmed from all the above conduct of the respondent TD.

59- By reason of the foregoing, the plaintiffs are entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to the Eldereiny's account.

## SECOND CAUSE OF ACTION

### ABuse Of Fiduciary Duty

60-  The plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

61- The plaintiffs allege that TD and Gainskeeper committed abuse of fiduciary duty when TD seized Eldereiny's own 6000 AMZN Shares, seized his profit ($1,443,716.19) in 2016 of sell 3300 AMZN shares, and never applied FIFO on the 100 AMZN shares which he bought in 2019 (loss more than $159,000), abusing his being elderly, his ignorance in the regulations, and never having an attorney or broker.

62- As a result of the breach of fiduciary duty, and the Defendants actions in connection therewith, Eldereiny has suffered pecuniary or economic loss.

63- The breach of fiduciary duty and the TD' actions in connection therewith were done knowingly, willfully, maliciously and with the intent to cause harm to Eldereiny.

64- By reason of the foregoing, the plaintiffs are entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to the Eldereiny's account.

13

## THIRD CAUSE OF ACTION
### Constructive Fraud

65- The plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

66- TD with Gainskeeper committed false misrepresentation in the material fact although TD knows very well that Eldereiny bought the 6000 AMZN shares on 1/18/11 in various transactions and every transaction has its full details. TD intentionally defrauded Eldereiny when they changed the exercise which TD did on the Put in expiration date on 1/14/11 to consider it as the Eldereiny sold the 6000 shares on 1/14/11 before he bought them. TD removed the buying of various 6000 AMZN shares which Eldereiny bought on 1/18/11 and they changed it to make the buying of the various 6000 AMZN shares was on 1/14/11 while it was exercised by TD as it appeared in the new fabricated GainsKeeper 2020, contradicted with the original old GainsKeeper in 2017 and the statement of the transactions which show the details of every transaction, Number and time on 1/18/11 TD tried to convince the claimant he never bought the 6000 AMZN shares, which disappointed Eldereiny as an old man which caused damages for him.

67- As a result of the constructive fraud, and the defendants' actions in connection therewith, Eldereiny has suffered pecuniary or economic loss.

68- The constructive fraud and the defendant's actions in connection therewith were done knowingly, willfully, maliciously and with the intent to cause harm to Eldereiny.

69- By reason of the foregoing, plaintiffs are entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to the Eldereiny's account.

## FOURTH CAUSE OF ACTION
### Financial Exploitation or  Financial Elder Abuse
Under Older Americans Act of 2006, Federal Elder Justice Act (EJA) and Sec. 303 of Senior Safe Act

70- Plaintiffs repeats and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

71- TD with Gainskeeper committed financial exploitation as The Older Americans Act of 2006 defines elder financial abuse, or financial exploitation, as "the fraudulent or otherwise illegal, unauthorized, or improper act or process of an individual, including a caregiver or fiduciary, that uses the resources of an older individual for monetary or personal benefit, profit, or gain, or that results in depriving an older individual of rightful access to, or use of, benefits, resources, belongings, or assets. Applying for that on what TD officers and Gainskeeper did when they seized his 6000 through the fraud as stated above and seized Eldereiny's profit ($1,443,716.19) for selling 3300 AMZN shares in 2016 and depriving him from enjoying his profit and depriving him from the profit (more than $159,000) which he made his selling of 100 AMZN in 2019 if TD did not seize the 6000 AMZN shares and applied FIFO with the price of 2011.

72- As a result of the financial exploitation, and the defendants' actions in connection therewith, Eldereiny has suffered pecuniary or economic loss.

73- The financial exploitation and the defendants' actions in connection therewith were done knowingly, willfully, maliciously and with the intent to cause harm to Eldereiny.

74- By reason of the foregoing, Eldereiny is entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to Eldereiny's account.

## FIFTH CAUSE OF ACTION
### Fraudulent or Intentional Misrepresentation

75- Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

76- The defendants TD and Gainskeeper committed Fraudulent or Intentional Misrepresentation as the defendants represented a false statement of a material fact, alleging that plaintiff Eldereiny never bought 6000 AMZN shares. TD removed the buying of various 6000 AMZN shares which Eldereiny bought on 1/18/11 and the defendants changed it to make the buying of the various 6000 AMZN shares was on 1/14/11 while it was exercised by TD   as it appeared in the new fabricated GainsKeeper 2020, contradicted with the original old GainsKeeper in 2017 and the statement of the transactions which show the details of every transaction, Number and time on 1/18/11. TD represented to Eldereiny that false information (he never bought 6000 AMZN shares) is true.  The defendants' representation was absolutely false. No doubt, Defendants knew that representation is not true as how it could not know that plaintiff Eldereiny can not sell on 1/14/11 what he did not own yet on 1/18/11 while whatever recorded on 1/14/11 was exercised by TD for the "60 Put" which the plaintiff Eldereiny bought them on 1/14/11. The Defendants intended to make  the plaintiff Eldereiny to rely on that false statement.  Eldereiny relied on that false statement as he stopped trade from 2012 through 2015 and he stopped trade in 2017.

77- As a result of the Fraudulent or Intentional Misrepresentation, and the defendants' actions in connection therewith, Eldereiny has suffered pecuniary or economic loss.

78- The Fraudulent or Intentional Misrepresentation and the respondent's actions in connection therewith were done knowingly, willfully, maliciously, recklessly and with the intent to cause harm to Eldereiny.

79- By reason of the foregoing, the plaintiff Eldereiny is entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to  Eldereiny's account.

16

## SIXTH CAUSE OF ACTION
### Negligence And Omissions

### Damages for Intentional Infliction of Emotional Distress

80- Plaintiffs repeats and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

81- The defendants' conduct was extreme and outrageous.

82- The defendants acted with the intent to cause severe emotional distress or with reckless disregard of a substantial probability of causing severe emotional distress.

83- The defendants' conduct caused plaintiff Eldereiny  to suffer  severe emotional distress through his feeling of grief, disappointment as elder person, humiliated so he is  embarrassed and chagrined before himself, his family and his friends as he lost almost all of his money in the stock market.

84- The defendants' conduct was a substantial factor in causing that emotional distress.

85- By reason of the foregoing, Eldereiny is entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to Eldereiny's account.

## SEVENTH CAUSE OF ACTION
### Negligence And Omissions

### Damages for Negligent Infliction of Emotional Distress

86- The plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

87- The defendants acted in a negligent manner through breach of the fiduciary duty;

88- The defendants' negligence was the cause of the Eldereiny's emotional distress;

89- Plaintiff Eldereiny as an elder man suffered actual emotional harm.

90- By reason of the foregoing, plaintiff Eldereiny is entitled to an award of damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to Eldereiny's account.

## EIGHTH CAUSE OF ACTION
### Punitive Damages

91-  The plaintiffs repeats and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

92- It is well proven that defendants committed constructive fraud, fraudulent or intentional misrepresentation, abuse of fiduciary duty and financial exploitation or financial elder abuse under Older Americans Act of 2006, Federal Elder Justice Act (EJA) and Sec. 303 of Senior Safe Act. TD's Financial condition is very strong as it was announced by Charles Schwab which acquired TD with 26 Billions Dollars in 2019. There is no doubt that the reprehensibility of the Defendants' conduct; there is a reasonable relationship between the amount of punitive damages and the plaintiff's harm; and at least $100,000,000 will punish the defendants and discourage similar future conduct.

93- By reason of the foregoing, Mr. Eldereiny is entitled to an award of punitive damages, in an amount to be determined at the time of hearing but in no event less than $100,000,000, in addition to returning the 6000 AMZN shares to Eldereiny's account.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court grants the following relief:

1. Grant jury trial;
2. Order TD to return the 6000 AMZN shares to Eldereiny's account right away;
3. Award the plaintiffs Eldereiny's seized profit in 2016 ($1,443,716.19) plus interest;
4. Award the plaintiffs  the deprived profit ($159,000) in 2019 plus interest;
5. Award plaintiffs one hundred Millions dollars ($100,000,000) for treble damages;
6. Award plaintiffs one hundred Millions dollars ($100,000,000) for punitive damages;
7. Award plaintiffs for attorneys' fees, interest, costs and disbursements; and
8. That Award be entered against the defendants for such other and further relief as the court deems just and proper.

Dated: Nov. 26  , 2021

Respectfully submitted;

By: _____ ,

Misbah Eldereiny,

Plaintiff, Pro Se

11641 Tree Hollow LN

SAN DIEGO, CA 92128

Tel. # 626-340-3375

By : _____

Tarek Saleh

Plaintiff, pro se

46 Richard Lane

Staten Island, NY 10314

Tel. #347-466-0038



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

**UNITED STATES POSTAL SERVICE**

Retail

**US POSTAGE PAID**
**$8.70**

Origin: 92199
11/26/21
0567610199-18

**PRIORITY MAIL 2-DAY®**

0 Lb 4.80 Oz

**1023**

EXPECTED DELIVERY DAY: 11/29/21

C016

SHIP
TO:
111 S 18TH PLZ
STE 1152
OMAHA NE 68102-1322

**USPS TRACKING® #**



9505 5146 2867 1330 3841 74

- Expected delivery dat
- Most domestic shipm
- USPS Tracking® inclu
- Limited international i
- When used internation

*Insurance does not cover cer
Domestic Mail Manual at *http:*
** See International Mail Manu

**FLAT RATE**
ONE RATE ■ ANY WE

**TRACKED ■ INSURED**



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

FROM:

Misbah Eldereiny
11641 Tree Hollow Ln
San Diego, CA 92128

RECEIVED
NOV 29 2021
CLERK
U.S. DISTRICT COURT

TO:

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
111 South 18th Plaza, Suite 1152
Omaha, NE 68102