IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MISBAH ELDEREINY, and TAREK SALEH, | |
| Plaintiffs, | 8:21-CV-451 |
| vs. | MEMORANDUM AND ORDER |
| TD AMERITRADE, INC., et al., | |
| Defendants. | |

The plaintiffs have filed a motion (filing 23) to alter or amend the Court's judgment (filing 22) dismissing their complaint for the reasons explained in the Court's Memorandum and Order of March 16, 2022 (filing 21). The Court will deny the plaintiffs' motion.

To begin with, Fed. R. Civ. P. 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). But such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). And it is improper to repeat arguments the Court has already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).[1]

---

[1] The plaintiffs' motion also refers to Fed. R. Civ. P. 60, but they haven't identified any of the grounds for relief enumerated in Rule 60(b). And Rule 60(b), too, isn't a vehicle for simple reargument on the merits, *see Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), nor may a party use it to present a new theory or argument that could have been tendered before judgment, *see Watt v. GMAC Mortg. Corp.*, 457 F.3d 781, 784 (8th Cir. 2006).

The plaintiffs' motion raises arguments that seem to the Court to have been fully and fairly presented—and rejected—on initial hearing. *See* filing 21. But their arguments also fail on the merits.

The plaintiffs' motion makes three points. First, they direct the Court to the venue provision of the TD Ameritrade client agreement, which provides that the accountholder "consent[s] to the jurisdiction and venue within the State of Nebraska for all disputes arising out of or relating to this agreement." Filing 10-2 at 8. But that doesn't confer *federal court* jurisdiction in Nebraska or anywhere else—nor, indeed, can any agreement between the parties confer a federal court with subject-matter jurisdiction beyond that conferred by Congress. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The issue isn't whether TD Ameritrade can be sued in Nebraska—it's whether TD Ameritrade can be sued by these plaintiffs under diversity jurisdiction *in federal court*, in any state. And it can't.

Second, the plaintiffs argue that pursuant to the U.S. Supreme Court's decision in *Hertz Corp. v. Friend*, the "nerve center" of TD Ameritrade is in Nebraska, making it a citizen of Nebraska for purposes of the diversity jurisdiction statute. *See* 559 U.S. 77, 92-93 (2010) (citing 28 U.S.C. § 1332(c)(1)). But again, that's not disputed. What the plaintiffs overlook is § 1332(c)(1), which provides that a corporation is "a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." (Emphasis supplied.) In other words, TD Ameritrade is a citizen of *both* Nebraska and New York, meaning there's no diversity jurisdiction over the plaintiffs' claims. *See Alumax Mill Prod., Inc. v. Cong. Fin. Corp.*, 912 F.2d 996, 1003 (8th Cir. 1990).

Finally, in the alternative, the plaintiffs ask the Court to transfer this case to New York state court. There's no authority for that. A federal court can transfer a case that was removed from state court back to the state court it came from, *see* 28 U.S.C. § 1447(c), and it can transfer a case to another federal court, *see* 28 U.S.C. § 1404. But a federal court can't transfer a case to state court when the case was filed in federal court in the first place. *See Levin v. Com. Energy, Inc.*, 650 U.S. 413, 428 (2010); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015). Accordingly,

IT IS ORDERED that the plaintiffs' motion to alter or amend (filing 23) is denied.

Dated this 25th day of March, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

3